# WHEELING.

## STATE OF WEST VIRGINIA *v.* SITES.

Submitted June 22, 1882—Decided July 1, 1882.

1. A prisoner convicted of felony obtains a writ of error; and he afterwards escapes from custody and is still at large. In such case the appellate Court will order, that the writ of error be dismissed by a certain day, unless it shall be made to appear to the Court before that day, that the plaintiff in error is in custody of the proper officer of the law. (p. 16.)

2. And the appellate Court may make such order upon motion based on affidavits without previous notice of the grounds of said motion to the plaintiff in error or to his counsel. (p. 16.)

Motion to dismiss a writ of error to a judgment of a circuit court of the county of Nicholas, rendered on the 15th day of August, 1881, on an indictment for burglary in a case in said court then pending, wherein the State of West Virginia was plaintiff and Samuel Sites was defendant, allowed upon the petition of said Sites.

Hon. F. A. Guthrie, judge of the seventh judicial circuit rendered the judgment complained of.

HAYMOND, JUDGE, furnishes the following statement of the the case:

The indictment which appears in the record in this case, contains four counts; the first count charges, that the said Samuel Sites on the 9th day of May, 1881, in the said county of Nicholas, a certain mill-house of Militus E. Wood, not adjoining to or occupied with the dwelling-house of Militus E. Wood, or of any other person there situate, in the night time feloniusly did enter without breaking with intent the goods and chattels of Marion Rowe, in the said mill-house then and there being, feloniousy to steal, take and carry away, and four and three-fourths bushels of corn of the value of five dollars, of the goods, chattels and property of the said Marion Rowe in the said mill-house, then and there being found, then and there feloniously did steal, take and carry

away, &c., &c.   The second count is substantially the same
as the first, except that it omits the words "or any other per-
son," contained in the first count, and except that it alleges,
that said Sites, feloniously did break and enter, &c., and that
it does not allege, to whom the mill-house belonged.   The
third count is in substance the same as the second, except
that it alleges the property taken to be the property of Mile-
tus E. Wood.   The fourth count charges that Samuel Sites,
on the 9th day of May, 1881, in the said county a certain
mill-house of one Lewis N. Alderson, not adjoining to or oc-
cupied with the dwelling-house of said Louis N. Alderson
there situate, in the night-time, feloniously did break and
enter with intent the goods and chattels of one Marion Rowe
in the said mill-house then and their being, feloniously to
steal, take and carry away, and four and three-fourths bush-
els of corn, of the value of five dollars, of the goods and chat-
tels of the said Marion Rowe in the said mill-house, then and
there being found, then and there feloniously did steal, take
and carry away.

It appears, that at a circuit court of said county of Nicho-
las, held on the 12th day of August, 1881, the defendant,
Sites, in his own proper person moved said court to quash
the said indictment against him and each count therein,
which motion the court overruled; and thereupon the de-
fendant, Sites, pleaded not guilty to said indictment, and
issue was thereon joined, and thereupon a jury of twelve
men, who were elected, tried and sworn according to law,
after hearing the evidence and argument of counsel by their
verdict found the said defendant, Sites, guilty in manner and
form, as in the first count of the indictment is alleged against
him, and fixed his term of confinement in the penitentiary
at two years, and found him not guilty upon the second,
third and fourth counts in the indictment against him.
Whereupon the defendant by his attorney moved the court
to set aside the verdict of the jury, which motion the court
overruled; and the defendant excepted, and his exceptions
were signed, &c.

It appears, that afterwards, on the 15th day of August,
1881, the said court rendered judgment of sentence and con-
viction against the said defendant, Sites, upon said verdict;

and in said judgment the said court directed, "that the said Samuel Sites be imprisoned in the public jail and penitentiary-house of this State for the term of two years, the period by the jurors in their verdict ascertained, and that he be kept in solitary confinement in the jail and penitentiary-house," &c., &c. The court however on motion of the defendant, Sites, suspended execution of the judgment for sixty days, to enable him to apply to this Court for a writ of error to said judgment of conviction and sentence. On the 9th day, of September, 1881, the said Sites, on his petition and assignment of error, obtained a writ of error to said judgment of conviction.

The case upon said writ of error being on the docket of this Court for hearing at this term of this Court, the Attorney General for the State appeared in this Court on the day the cause was set for hearing on said docket, to wit, on the 27th day of June, 1882, and moved the court to dismiss the said writ of error, upon the ground that the plaintiff in error, the said Sites, has, since the said judgment of conviction was rendered, and since said writ of error was allowed, escaped from custody and is now at large. And the Attorney General filed in support of said motion the affidavit of John Bell, the jailor of said county of Nicholas, and A. F. Rader, the clerk of the circuit court of same county, dated respectively the 2d day of June, 1882. By these affidavits it appears, that the said Sites was imprisoned in the jail of said county by virtue of said judgment of conviction and sentence from the 15th day of August, 1881, until the 17th day of March, 1882, at which time he escaped from said jail; that the said Sites has been at large, ever since he so escaped from said jail, and is now at large. The Attorney General at the time of the making of said motion to dismiss, presented to this court and filed a notice to said Samuel Sites, that on the 27th day of June, 1882, he would move the court to dismiss the said writ of error; but said notice does not specify the cause, for which said motion would be made. Service of this notice appears to have been accepted for said Sites by his counsel, Samuel Price; but the sufficiency of the notice was objected to as a part of said acceptance, for the reason only that the notice does not state any ground for

the motion. The case was heard by this Court upon said motion, notice and affidavit on the day and year last aforesaid, and the cause was then submitted to this court for decision upon said motion to dismiss the writ of error.

*Samuel Price*, for plaintiff in error.

*Attorney General Watts*, for the State.

HAYMOND, JUDGE, announced the opinion of the Court:

The only question before this Court at this time to be determined is, what action it should take upon the motion of the Attorney-General to dismiss the writ of error allowed in this case, upon the ground that the plaintiff in error has escaped from custody, since the writ of error was allowed to the judgment of conviction of the circuit court of Nicholas county, and is still at large.

It does not appear in the case of *Wilson* v. *Commonwealth*, 10 Bush 526, that any notice of the motion to dismiss was given or required, yet the court of appeals of Kentucky in that case (in which the facts, on which the motion to dismiss was heard, are similar to the facts, on which the motion to dismiss was made in the case at bar) sustained the motion to dismiss and did dismiss the writ of error. In the case of *Sherman* v. *The Commonwealth*, 14 Gratt. 677, no notice of the motion made by the Attorney-General appears to have been given or required by the court, and still the court in its order made in the cause upon the motion of the Attorney-General, discharged so much of the order awarding the writ of error, as directed it to operate as a *supersedeas* to the judgment, and also determined, that the writ of error be dismissed by a certain day, unless it should be made to appear to the court on or before that day, that the plaintiff in error is in custody of the proper officer of the law.

The Court will not now absolutely dismiss the writ of error, but will make an order substantially the same as that made during the present term of this Court in the case of the *State of West Virginia* v. *Conners (supra)*; and it seems to me, that notice was not necessary to the plaintiff in error or his counsel, that a motion would be made to dismiss for the

causes stated in said motion and appearing in the affidavits filed, in order to authorize the Court to make such an order in this case substantially, as was made in the case last above referred to. And in fact I am of opinion, that no notice of the motion to dismiss the writ of error upon said affidavits was necessary to authorize this Court to hear said motion upon said affidavits, and to make such order therein, touching the dismissal of the writ of error, as to it may seem in accordance with the practice with us upon the facts appearing in support of the motion to dismiss. I am of opinion upon the authorities, that it is competent and proper for this Court in a writ of error in a felony case, granted the defendant below, to make such an order, whenever it shall be made to appear by proper affidavits that the plaintiff in error has escaped from custody and is still at large. The order is in the nature of a rule made by the Court, touching the writ of error brought here by the plaintiff in error, and the plaintiff in error must comply with its terms on pain of having his writ of error dismissed, under the circumstances appearing in the case.

The question, as to what action this Court should take upon the motion to dismiss the writ of error for the reasons stated, has been substantially passed upon and decided by this Court in the said case of *The State of West Virginia* v. *Conners (supra);* and in support of the action of this Court upon the said motion to dismiss the writ of error allowed in this case, as hereinafter stated, I refer to the opinion of the Court delivered in the last-named case. And for the reasons stated in the last-named case an order must be entered in this case upon said motion substantially as follows: The Court having maturely considered the matters arising upon the said motion to dismiss the writ of error, heretofore allowed in this cause for the reasons stated of record, and the arguments of counsel therein, and it appearing, that said plaintiff in error has since the judgment or conviction escaped from custody and is still at large, it is ordered, that said writ of error be dismissed on the 7th day of June, 1883, unless it shall be made to appear to this Court during its present term or at any subsequent term thereof, which may be held at either of the places prescribed by law for the holding of the sessions of this Court, on or be-

fore the day last aforesaid, that the plaintiff in error is in custody of the proper officer of the law.

THE OTHER JUDGES CONCURRED.

WRIT DISMISSED.