HARRIS ET AL vs. STATE*
(No. 1266; Jan. 12, 1926; 242 Pac. 411)

CRIMINAL LAW—ESCAPED PRISONERS—CONSTITUTIONAL LAW—INDICTMENT & INFORMATION—INSTRUCTIONS—FAILURE TO GIVE INSTRUCTIONS DEFINING OFFENSE.

1. Proceedings in error of defendant, who escaped from penitentiary while hearing was pending, will be dismissed unless he returns to custody of proper officers of the law by time fixed therefor.
2. Const. U. S. Amends. 5 and 6 are limitations upon the federal government only.
3. Under Comp. St. 1920, §7464, which, by section 7478, is made applicable to informations, an information charging murder purposely and with premeditated malice, under

Comp. St. 1920, § 7066, will sustain conviction for mur-
der upon proof showing murder was committed during at-
tempted robbery, notwithstanding Const. art. 1, § 10,
giving accused right to demand nature and cause of ac-
cusation.

4. In prosecution for murder committed during attempted
robbery, where no instruction defining robbery was asked
for and no exception taken, *held*, that failure to give such
instruction was not prejudicial, especially where there was
no lack of proof of attempt to commit robbery.

*NOTE—See Headnotes (1) 17 CJ p. 195 n. 12 (2) 12 CJ p. 744
n. 94 (3) 30 CJ p. 98 n. 39 (4) 16 CJ p. 1057 n. 24; 17 CJ pp. 67 n.
16; 80 n. 77.

ERROR to District Court, Sweetwater County; VOLNEY
J. TIDBALL, Judge.

Evan Harris and John McClellan were convicted of
murder, and they bring error. Heard on motion to dis-
miss writ of error as to defendant last named who es-
caped from prison after appellate proceedings had been
commenced. Heard on merits as to defendant first named.

*Rush L. DeNise* and *N. R. Greenfield* for plaintiffs in
error.

Three grounds of error are urged for reversal;

1. Failure of the evidence to sustain the charge.
2. Erroneous instructions.
3. Misconduct of the prosecutor.

It is the constitutional right of an accused person to be
informed of the nature of the accusation; Const. of U. S.
Art. V, State Constitution, Bill of Rights, Section 10. A
charge of first degree murder must allege commission of
the act purposely and with premeditated malice. The
evidence fails to show intent and shows acts different in
nature and character than what are charged in the action.
The cause was submitted to the jury upon the theory that
the homicide was committed without purpose or intent to
cause death, but while accused was engaged in an attempt

to commit a felony; this differs from the charge; in other words, the court's instructions were, that evidence of the perpetration or attempted perpetration of a felony at the time of the homicide stands in lieu of, and is the legal equivalent of, purpose and premeditated knowledge. A portion of this instruction was copied from State vs. Meyers, 99 Mo. 107; but the Missouri Statute provides that any murder committed in the perpetration, or attempted perpetration of certain designated crimes, shall be murder in the first degree; State vs. Hooper, 71 Mo. 425; State vs. Earnest, 70 Mo. 520; the Missouri Statute is taken from Pennsylvania. A general analysis of statutes of this kind is found in, I Wharton's Criminal Law, 11th Ed. Sec. 510. The offense charged in the information required proof of intent and deliberation. While under the instructions of the court no intent or deliberation was necessary to convict, hence the accused was not informed of the nature of the offense he was called upon to meet; Sec. 7464 C. S. was intended to remove redundant verbiage and especially what need not be proved; informations should be framed upon the facts; 3 Bish, New Cr. Proc. 588; question as to Sufficiency of the information arises from the Bill of Exceptions, and the error is in permitting a conviction on it; Cannon vs. State, 32 S. W. 128; Fouts vs. State, 8 Ohio St. 131; State vs. Phinney, 13 Idaho 307; Bechtelheimer vs. State, 54 Ind. 128; instructions should apply the law to the facts; 16 C. J. 2489; Gardiner vs. State, (Wyo.) 196 Pac. 750; 5769 C. S.; Instruction No. 1 repeated the statutory definition of murder in the first degree, and did not aid in deciding the issues. Instruction No. 2 was not applicable to offense charged. Instruction No. 3 was erroneous because not supported by the charge; Johnston vs. State, 19 Wash. 464, 53 Pac. 707; State vs. Morgan, 21 Wash. 355; Oerter vs. State, (Nebr.) 77 N. W. 367; 30 C. J. 604; McGinnis vs. State, 16 Wyo. 72; instructions 8, 9 and 10 are erroneous in that no definition of conspiracy is given; in-

struction number 11 is correct in principle, but without application to the charge; Moynihan vs. State, 70 Ind. 126; instruction number 12 is erroneous; State vs. Pressler, 16 Wyo. 214; instructions 19 and 20 are erroneous in calling attention to the manner in which defendants gave their testimony; 7507 C. S. There was misconduct on the part of the assistant prosecuting attorney, in emphasizing the fact that defendants made unsworn statements; Anderson vs. State, 27 Wyo. 345; they should have been protected by proper instructions; Leslie vs. State, 10 Wyo. 10; 16 C. J. 2446.

*David J. Howell,* Attorney General for defendant in error.

Section 7066 defines first degree murder; where the offense is committed in the perpetration of, or in an attempt to perpetrate a felony, information in the ordinary form is sufficient without reference to the felony; 30 C. J. 98, Sec. 286; State vs. McCormick, 27 Iowa 402, cited by plaintiff is not in point, moreover a later Iowa case State vs. Johnson, 34 N. W. 181 sustains the general rule. A few cases turn upon the use of the word, "murder". The word "kill" is used in the Wyoming statute; see State vs. Roselli, (Kans.) 198 Pac. 195; State vs. Farnum, (Ore.) 161 Pac. 417; Turner vs. State, (Okla.) 126 Pac. 452; exceptions taken to the instructions of the court are without merit; Gardner vs. State, (Calif.) 196 Pac. 756; it is complained that the assistant prosecutor emphasized the fact the defendants made unsworn statements instead of testifying under oath. The conversation complained of, could hardly be called prejudicial error; there is a distinction between making an unsworn statement and not testifying at all; Bragg vs. State, 84 S. E. 85; it is proper for the court to direct the attention of the jury to defendants right to make such statement as he may desire in his own defense; Rouse vs. State, 71 S. W. 671; conversations merely bringing out the fact that defendants were not

sworn is not reversible error.   Defendants had a fair trial and the judgment should be sustained.

RINER, District Judge.

The plaintiffs in error were each convicted of the crime of murder in the first degree without capital punishment and were sentenced to life imprisonment in the penitentiary.   This proceeding in error was instituted to secure a review of the cause.   The overruling of the motion for a new trial is assigned as error.

Upon the trial in the District Court of Sweetwater county it appeared that on the evening of February 16th, 1923, at Rock Springs, Wyoming, one Frank Ferlic was shot and killed by two armed and masked men who had entered the meat market conducted by Ferlic, ordered the latter, his son and an employe to put up their hands, and, upon Ferlic's failure to obey immediately, begun shooting.   Evidence was offered by the State tending to show that the plaintiffs in error, with one Ira Rushford, planned to rob the American Market, Ferlic's place of business; that Rushford and Harris were the men who entered the shop and that McClellan was to see when an expected sum or sums of money came in and to give warning of the approach of officers.

Sec. 7066, C. S. Wyo. 1920 provides:

"Murder in the First Degree.   Whoever purposely and with premeditated malice or in the perpetration of, or to attempt to perpetrate any rape, arson, robbery, or burglarly, or by administering poison or causing the same to be done, kills any human being, is guilty of murder in the first degree and shall suffer death, but the jury may qualify their verdict by adding thereto, 'without capital punishment' and whenever the jury shall return a verdict qualified as aforesaid, the person convicted shall be sentenced to imprisonment, at hard labor, for life."

And Sec. 7464, C. S. Wyo. 1920 reads, as far as pertinent here:

"In any indictment for murder in the first degree * * * it shall not be necessary to set forth the manner in which, or the means by which the death was caused, but it shall be sufficient in an indictment for murder in the first degree to charge that the defendant did purposely and with premeditated malice kill and murder the deceased."

By Sec. 7478 the rule of pleading above given as to indictments is made applicable to informations.

The information in the case charged that the plaintiffs in error "did unlawfully, wilfully, feloniously, purposely and with premeditated malice kill and murder one Frank Ferlic." A verdict of guilty having been returned by the jury, judgment and sentence was imposed, as already recited.

Before passing to a discussion of the contentions made by plaintiffs in error, it will be necessary to notice another matter. When the cause was called for argument, the attorney general presented a motion to the Court asking for an order dismissing the proceeding in error as to John McClellan on the ground that since the proceeding had been instituted he had escaped from the Wyoming State Penitentiary and was no longer in custody to abide the sentence of the Court. This fact is certified to the Court by the affidavit of Frank A. Hadsell, Warden of the Penitentiary, in whose custody McClellan had principally been since the conviction and sentence aforesaid. By the Warden's sworn statement, dated September 26th, 1925, it appears that the prisoner escaped on July 24th, 1925, and since that time he has been a fugitive, his whereabouts unknown and incapable of ascertainment. There is no denial of the fact of his escape and absence from custody. No argument against the motion was sought to be presented either by brief or orally. In view of all the circum-

stances of the case and the current of decisions bearing upon the point involved, it is thought best that the motion to dismiss immediately be denied; and, while it is improbable that the fugitive will ever surrender himself into custody, it is ordered that the proceeding in error as to the said John McClellan stand dismissed unless he shall, before the first Monday in October, 1926, return to the custody of the proper officers of the law. See Smith v. United States, 94 U. S. 97, 24 L. ed. 32, 17 C. J. 195, and extended list of cases cited.

Taking up for consideration the contentions advanced by brief on behalf of plaintiff in error Harris, hereinafter designated as the defendant, the one upon which his principal reliance appears to be placed is that the evidence does not sustain the charge contained in the information, and that certain instructions given by the court were either erroneous or foreign to the issues presented by the information in the case. These instructions substantially are to the effect that under the Statutes of Wyoming the perpetration of or attempt to perpetrate any of the felonies mentioned in Sec. 7066, above quoted, during which attempt the homicide is committed, stands in lieu of, and is the legal equivalent of that "purposely and with premeditated malice" which otherwise are necessary attributes of murder in the first degree; also, that to sustain a conviction for murder in the first degree, committed in an attempt to perpetrate a felony, it is not necessary that the information should allege that the murder was committed in an attempt to perpetrate a felony. Defendant, after pointing out that the statute is descriptive of three classes of murder in the first degree, outlines his position thus: "an information which charges only the offense in the language of the first class will not be sufficient to accuse the defendant of murder committed in the perpetration of, or attempt to perpetrate one of the enumerated felonies, unless it is committed with the intent to kill and after pre-

meditation and deliberation;'' and ''the only fact which could make out a case of murder in the first degree is that the defendants were at the time engaged in the commission of another felony. That fact is not alleged in the information.'' Sec. 10 of Article I of Wyoming's Constitution, providing that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation and to have a copy thereof, is cited, as also are the fifth and sixth amendments to the Federal constitution, though why the last two constitutional provisions are mentioned it is difficult to understand as they are limitations upon the Federal government only. Twining v. New Jersey, 211 U. S. 78, 53 L. Ed. 97; 29 S. Ct. 14; Barron v. Baltimore, 7 Pet. 243, 8 L. Ed. 672.

These contentions of the defendant seem to be supported by the decisions of a few appellate courts only; notably those of Arkansas (Rayburn v. State, 69 Ark. 177, 63 S. W. 356) and Ohio (Robbins v. State, 8 Oh. St. 131). In the last mentioned case two out of five judges dissented from the opinion of the court upon some of the exact points urged for adoption here. These decisions have been the subject of much criticism at the hands of other reviewing courts where statutes similar to our own either in phraseology or purport have come under consideration. The weight of authority would appear to be strongly against the Arkansas and Ohio cases.

In People v. Flanagan, 174 N. Y. 356, 66 N. E. 988, the New York Court of Appeals said:

''The defendant's counsel asked the court to charge, in substance, that the jury could not convict of murder in the first degree unless they found deliberation and premeditation, because homicide committed while perpetrating a felony was not specifically pleaded in the indictment. We have recently held otherwise, and the law was well settled before. 'Under an indictment for murder in the first degree, the prosecution may prove facts to bring the

case within any of the provisions of the statute defining the crime.' People v. Sullivan, 173 N. Y. 122, 137, 141, 65 N. E. 989; (63 L. R. A. 353, 13 Am. St. Rep. 582); People v. Giblin, 115 N. Y. 196, 21 N. E. 1062, 4 L. R. A. 757.''

In State v. Johnson, 34 N. W. 177, 72 Ia. 393, it is said:

''The indictment is in two counts, each alleging premeditation, deliberation, and other necessary ingredients of the crime of murder in the first degree. The second count further alleged that the killing was by lying in wait. There is no allegation in either that the crime was committed in the perpetration of arson, rape, robbery, mayhem, or burglary. The court directed the jury that, if they found the killing was done in the perpetration of a robbery, it was murder in the first degree. Counsel insist that, in the absence of an allegation in the indictment that the killing was in the perpetration of robbery, the finding of such fact would not authorize a verdict for murder in the first degree. We are of a different opinion. The indictment sufficiently alleges that the killing amounted to murder in the first degree. It was not necessary to allege the facts and circumstances attending the crime. The indictment sufficiently supported proof of facts which constituted the killing murder in the first degree, and under it proof was competent to show the crime was committed in the perpetration of robbery. This doctrine was recognized by the supreme court of Pennsylvania under a statute similar to our own. Com. v. Flanagan, 7 Watts & S. 415; Whart. Crim. Law, Sec. 1115. We have been referred to no decision in conflict with this conclusion.''

In State v. Thorne, 117 Pac. 58; 39 Utah 208, where the question was involved ''whether the accused upon allegations in the information of an unlawful, wilful, deliberate and premeditated killing by shooting, may be convicted of murder in the first degree upon proof that the

shooting and the unlawful killing were done, whether intentionally or unintentionally, in the perpetration of or attempt to perpetrate a robbery,'' the Court say:

"Upon this question the authorities divide. In the case of Rayburn v. State, 69 Ark. 184, 63 S. W. 356, and perhaps others, the negative of the proposition is held, but we think the weight of authority is to the contrary. Wharton on Homicide, Sec. 119; 1 McClain's Crim. Law, Sec. 653; State v. Meyers, 99 Mo. 107, 12 S. W. 516; State v. Harmon, 106 Mo. 653, 18 S. W. 128; People v. Gilpin, 115 N. Y. 196, 21 N. E. 1062, 4 L. R. A. 757; People v. Flanagan, 174 N. Y. 357, 66 N. E. 988; Titus v. State, 49 N. J. Law 36, 7 Atl. 621; People v. Sullivan, 173, N. Y. 122, 65 N. E. 989, 63 L. R. A. 353, 93 Am. St. Rep. 582; State v. Johnson, 72 Iowa. 393, 34 N. E. 177; State v. Tyler, 122 Iowa. 131, 97 N. W. 983; People v. Milton, 145 Cal. 169, 78 Pac. 549.''

In State v. Bolton, 212 Pac. 504, 65 Mont. 74, where it was contended that if the homicide is committed in an attempt to perpetrate robbery, the information must set forth the facts constituting the crime of robbery and must in effect allege that in the attempt to perpetrate the robbery the homicide was committed, and the line of decisions to which we have already referred as upholding that contention was cited, the court remarked.

"The utmost that can be said of them is that they represent the view of a decided minority of the courts of this country. The overwhelming weight of authority supports the rule that under a statute such as our section 10955, Revised Code 1921, which makes all murder committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary, or mayhem, murder of the first degree, an information in the form of this one is sufficient, and under it proof is admissible to show that the killing was

committed in the perpetration of or attempt to perpetrate any one of the enumerated felonies. Some of the leading authorities supporting this rule are;'' citing many cases.

To the same effect are : State v. Roselli, 198 Pac. 195, 109 Kans. 33; Territory v. Bannigan, 46 N. W (Dak.) 597; State v. Lescord, 117 Atl. (Vt.) 242; Andrews v. People, 79 Pac. (Colo.) 1031, 108 Am. St. Rep. 76.

The fact is pointed out in defendant's brief that the statutes of many states do not say that ''homicide'' or ''killing,'' (as our statute), when committed in the perpetration of or attempt to perpetrate certain felonies, shall be murder in the first degree, but the ''murder,'' when so committed, shall be murder in the first degree. But it is not suggested why this variant phraseology makes any difference, and it does not seem to in the decisions.

In both Morgan v. State, 71 N. W. 788, 57 Nebr. 672, and Rhea v. State, 88 N. W. 789, 63 Neb. 461, where the statute not only read ''kill,'' like ours, but was confessedly borrowed from Ohio after the Robbins case (supra) had been decided, the supreme court of Nebraska expressly declined to follow the Ohio view and took the contrary position. In Holmes v. State, 119 Pac. (Okla.) 430, where the statutory word used is ''homicide,'' the conclusion was that where an indictment or information charges a defendant with murder under the first sub-division of the statute referring to a homicide ''perpetrated without authority of law and with a premeditated design to effect the death of the person killed,'' a conviction can be had, if warranted by the evidence, under and by virtue of the other subdivisions of the statute, i. e., homicide perpetrated ''by a person engaged in the commission of a felony,'' etc. In Sloan v. State, 70 Fla. 163, 69 So. 871, where the statute read :

''The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of

the person killed or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary, shall be murder in the first degree, and shall be punishable with death,''

it was held, quoting from the syllabus:

''An indictment in the usual form charging murder to have been committed with a premeditated design to effect the death of the person slain is sufficient under the statute to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of any of the felonies mentioned in the statute such as robbery, rape, arson or burglary, or otherwise. The perpetration or attempt to perpetrate any of the felonies mentioned in the statute, during which perpetration or attempt a homicide is committed, stands in lieu of and is the legal equivalent of that premeditated design to effect the death that otherwise is a necessary attribute of murder in the first degree. In such case it is only necessary to make the charge in the ordinary way to the effect that the homicide was committed with a premeditated design to effect the death of the person slain, and then show the facts in evidence, and if they establish that the homicide was committed in the perpetration or attempt to perpetrate any of the felonies named in the statute this will be sufficient to convict of murder in the first degree.''

See also State v. Brown, 7 Ore. 186, where the Robbins case (supra) is expressly disapproved.

So far as Sec. 10 of Art. I of the Wyoming Constitution may be involved in this connection, it is sufficient to quote the following from Andrews v. People (supra) bearing in mind the provisions of Sec. 7464, W. C. S. 1920 hereinabove set out:

"Sec. 1433, 1 Mills' Ann. St., designates what shall be sufficient to allege in an indictment or information for the crime of murder. Inter alia, it provides that "in any indictment for murder  *  *  * ,it shall not be necessary to set forth the manner in which, or the means by which, the death of the deceased was caused, but it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully and of his malice afore- thought, kill and murder the deceased." This provision does not contemplate a charge of murder which shall specifically state any degree of that crime. If it did, or if its provisions were insufficient for any reason, then it would be necessary, in order to state the crime of murder which had not been committed in the perpetration of, or attempt to perpetrate, a felony, to allege that the homicide was committed with deliberation and premeditation; and yet this court has repeatedly held that these averments are not necessary in an indictment or information for murder, but that the allegations provided by statute are sufficient to support a verdict of murder in the first degree. Redus v. People, 10 Colo. 208, 14 Pac. 323; Jordan v. People, 19 Colo. 417, 36 Pac. 218; Holt v. People, 23 Colo. 1, 45 Pac. 374. It designates what shall be sufficient to state in any information or indictment in order to charge the crime of murder; i. e., the unlawful killing of a human being with malice aforethought, as defined by the statute. Under such a charge, the person accused will be convicted or acquitted, according to the proofs; and, if convicted, the circumstances in which the murder was committed, as designated by the statute respecting the degree of the crime, as it is termed, determines the punishment which shall be inflicted. In short, the statute defines murder, and the section upon which counsel for defendants rely does not create or define distinct offenses of that crime, but merely distinguishes between grades of punishment which shall be inflicted upon one convicted of murder, ac-

cording to the circumstances in which it was committed. Nor does the statute, in prescribing what shall be sufficient to allege in any indictment or information for murder, violate any constitutional rights of the condemned, under the guaranty that "in criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation." The charge was the murder of Mrs. Youngblood, and they were thus fully informed of the nature and cause of the accusation against them. Jordan v. People, supra; Graves v. State, 45 N. J. Law 347, 46 Am. Rep. 778; State v. Pike, 49 N. H. 399, 6 Am. Rep. 533; Dwyer v. State, 12 Tex. App. 535; People v. Murray, 10 Cal. 309; Cathcart v. Commonwealth, 37 Pa. 108; 10 Enc. Pl. & Pr. 115. A valuable discussion of these questions will be found in note 12 to People v. Sullivan, 63 L. R. A. 353, 393."

Complaint is made that no definition of the crime of robbery was given in any of the instructions. No instruction of this sort was asked for by the defendant, nor was any objection made or exception taken at the trial in this account. In Gardner v. State, 27 Wyo. 316, 196 P. 750, 15 A. L. R. 1040, where the case was reversed for lack of evidence and it was said that it was the court's duty to instruct on the law of circumstantial evidencee, where that was wholly relied on for conviction, whether requested to do so or not, it was also remarked:

"But to justify a reversal for an absolute failure to give such an instruction, where it appears that there was otherwise a fair trial, it should be found to have been prejudicial, and, as a general rule, there should be an exception properly presenting the question."

We think that the failure to give an instruction under the circumstances shown in the case at bar was not prejudicial, and that the defendant's rights were not invaded.

There was no lack of proof of an attempt to commit robbery.

Criticism is made of the giving by the court of an instruction frequently employed in criminal cases, wherein the jury were told they might, in arriving at their verdict, take into consideration the "manner in which defendant gave his testimony," and misconduct is claimed on the part of the assistant prosecuting attorney in inquiring as to whether the defendant John McClellan was sworn when the latter made his statement not under oath, as he had a right to do under the law then existing. But these questions have to do with the case of an escaped prisoner, and, as already indicated, cannot be now considered.

We have given careful consideration to each of the points urged in the argument of the defendant Harris. It is unnecessary to refer to them beyond what has already been set down, other than to say that we think he was accorded a fair trial and the judgment should be affirmed.

*Affirmed.*

Blume, and Kimball, JJ., concur.