STATE OF WEST VIRGINIA *v.* ROBERT SPRY

(No. 9582)

Submitted April 11, 1944. Decided May 2, 1944.

KENNA, JUDGE, absent.

*W. F. Damron,* for plaintiff in error.

*Ira J. Partlow,* Acting Attorney General, *Ralph M. Hiner,* Assistant Attorney General, and *C. A. Joyce,* for defendant in error.

ROSE, PRESIDENT:

In the Circuit Court of Logan County Robert Spry was indicted for a burglary charged to have been committed on the 20th day of July, 1943. At the following September term of that court he was tried, found guilty, and sentenced to the penitentiary for a term of from one to ten years, with an additional term of five years by reason of a former conviction of felony. This sentence, however, was by the court stayed for a period of sixty days to enable the defendant to make application to this Court for a writ of

error and supersedeas, pending which the defendant was committed to the jailer of said county.

On December 1, 1943, an application for a writ of error and supersedeas was filed in the office of the Clerk of this Court and a writ of error and supersedeas awarded on the 17th day of January, 1944. The case was docketed for hearing on the 11th day of April, 1944.

On March 8, 1944, the State, by its Attorney General, filed in this Court a notice in writing for the dismissal of the writ of error and supersedeas on the ground that the plaintiff in error had, on the 12th day of December, 1943, escaped from the jail of Logan County in which he was held in custody, and was then still at large. In support of its motion, an affidavit of the jailer of Logan County was filed stating that "said Robert Spry effected his escape during what is locally known as 'Visitors' Day' at the jail by obtaining through some means unknown to the custodian of the jail a U. S. Army uniform and donning same managed to walk out of the jail and was not detected by any person in charge of the jail until he was in the act of making his escape and they found it impossible to apprehend him at the time."

Notice in writing of the intention to make this motion was given to, and accepted by, the attorney of record for the plaintiff in error, who, however, has made no appearance on behalf of himself or the plaintiff in error. The latter, of course, has not been served with notice.

The escape of a felon after a conviction and sentence, and pending the disposition of a writ of error by an appellate court, does sometimes occur. The problem presented by such an exigency is, however, in some degree anomalous from the standpoint of the Court. Is a convicted felon entitled to have his case reviewed while he is a fugitive from justice? Can the Court proceed while the felon is not in custody, or before the Court, either actually or constructively? If so, how shall the judgment of the reviewing Court be made effective? Can a step as serious as the dismissal of a proceeding for review of a

felony case be taken in the absence of the accused? However substantial these problems may be, courts are, in such cases of escape, confronted with a practical situation in which action of some kind cannot be avoided. The case cannot be simply continued on the docket indefinitely. Dismissal, therefore, where no statutory regulation prevails, is usually granted in some form when this situation arises. "A writ of error will not be heard when the party suing it out has escaped from the jurisdiction of the Court." III Wharton's Criminal Procedure, (10th Ed.) sec. 1708. In 24 C. J. S. Criminal Law, sec. 1825, at page 650 the rule is stated thus: "Likewise, where accused becomes a fugitive from justice or escapes from custody after conviction and before or pending his appeal, the appeal may be dismissed on motion, unless he surrenders himself before the matter is determined or within a time fixed by the court."

Cases are found in which, upon a sufficient showing to the appellate court of the escape, the appellate proceeding has been dismissed unconditionally. *Lofton* v. *State,* 149 Miss. 514, 115 So. 592; *Crum* v. *Commonwealth,* 232 Ky. 331, 23 S. W. (2d) 550; *Owen* v. *State,* 19 Ariz. 193, 167 P. 709; *Shaw* v. *State,* 12 Ala. App. 669, 67 So. 770; *State* v. *Scott,* 70 Kan. 692, 79 P. 126; *State* v. *Lacroute,* 134 La. 3, 63 So. 603; *Commonwealth* v. *Andrews,* 97 Mass. 543.

In other cases the dismissal has been made subject to a right of reinstatement upon adequate proof of the accused's recapture or return to custody. *State* v. *Carpenter,* 41 S. C. 549, 19 S. E. 691; *State* v. *Dempsey,* 26 Mont. 504, 68 P. 1114; *Southerland* v. *State,* 176 Ind. 493, 96 N. E. 583.

Frequently an order is made directing that the writ of error be dismissed at the expiration of a time, fixed by the Court, unless it shall be made to appear that the defendant is then in proper custody. *Smith* v. *United States,* 94 U. S. 97, 24 L. Ed. 32; *Allen* v. *State of Georgia,* 166 U. S. 138, 17 S. Ct. 525, 41 L. Ed. 949; *McGowan* v. *The People,* 104 Ill. 100; *People* v. *Sitz,* 21 Cal. App. 54, 130 P. 858; *State* v. *Brinker,* 128 Wash. 319, 222 P. 615; *Harris* v.

*State,* 34 Wyo. 175, 242 P. 411; *Staten* v. *State,* 140 Ga. 110, 78 S. E. 766. In 1882 the latter procedure was adopted in this State.

In *State* v. *Conners,* 20 W. Va. 1, it was held:

> "A prisoner convicted of felony obtains a writ of error, and he then escapes from jail and is still at large. In such case the appellate court will order, that the writ of error be dismissed by a certain day, unless it shall be made to appear to the court before that day, that the plaintiff in error is in custody of the proper officer of the law."

The opinion in this case, by Judge Haymond, collates and discusses the then leading cases on the subject.

The case of *State* v. *Sites,* 20 W. Va. 13, which was decided simultaneously with the *Conners* case, has this additional point in the syllabus:

> "And the appellate Court may make such order upon motion based on affidavits without previous notice of the grounds of said motion to the plaintiff in error or to his counsel."

These cases seem to cover precisely the case at bar. Since these pronouncements were made, the problem has not been before this Court. However, we perceive no reason to depart from the rule thus established. Moreover, the accused here is in a much worse situation than the defendants in our two reported cases. Unknown to this Court he was actually out of custody long before the writ of error was granted. The Court would not have considered his petition for review if the actual situation had been known, and there can be no legitimate objection to our undoing now that which never should have been done.

Accordingly, an order will be entered herein directing that the writ of error and supersedeas heretofore issued herein will be dismissed on the first day of the September term of this Court, 1944, unless on or before that date it shall be made to appear to the satisfaction of this Court

that the plaintiff in error, Robert Spry, is then in the custody of the proper officer of the Circuit Court of Logan County.

*Motion to dismiss sustained.*