THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE BERMUNDEZ, Defendant-Appellant.

(No. 57568;

First District (1st Division)—July 30, 1973.

James J. Doherty, Public Defender, of Chicago, (Robert Gevirtz, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

On March 16, 1972, Jose Bermundez (defendant) was convicted for sale of narcotic drugs and sentenced to one to three years in the penitentiary. He filed notice of appeal to this court on March 24, 1972, and was admitted to bail. The record has been filed in this court but no further steps have been taken in connection with the appeal.

The Public Defender of Cook County, attorney of record for defendant, has now advised us by written motion that the bond of defendant was revoked on March 17, 1972 because of his failure to appear at an appeal check date and that numerous efforts to locate defendant have proved futile. The Public Defender accordingly requests leave to withdraw as attorney for defendant.

Reviewing courts of Illinois have traditionally and consistently held that a defendant desirous of prosecuting a criminal appeal should be in actual control or custody of the court or in constructive control by virtue of bail. The Supreme Court has expressly held (*People v. Estep*, 413 Ill. 437, 439, 440, 109 N.E.2d 762) that:

> " '* * * [I]t would be idle for the court to proceed to determine * * * of the law. * * * We do not think it would subserve the ends of justice to permit persons charged with crime to speculate in this manner upon their chances of escape or conviction. Persons appealing to this court for redress should stand in an attitude to accept and abide the result, whatever that may be.' Other jurisdictions are in accord. *State v. Spry*, 126 W.Va. 781, 30 S.E.2d 88; *Owen v. State*, 19 Ariz. 193, 167 Pac. 709; *State v. Brinker*, 128 Wash. 319, 222 Pac. 615. Other cases are collected in 26 L.R.A. (n.s.) 921."

We will adhere to and apply the above stated principle. The Public Defender of Cook County is granted leave to withdraw as attorney for defendant. Unless it is made to appear to this court that the defendant has returned to the custody of the law in the State of Illinois by the first day of September, 1973, his appeal will be dismissed.

Appeal dismissed, conditionally.

BURKE, P. J., and HALLETT, J., concur.