SUSAN KRAMER, Petitioner-Appellant, v. MARGARET KRAMER, Respondent-Appellee.

First District (5th Division)   No. 86—1655

Opinion filed December 5, 1986.

Linda Kay Staton, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE LORENZ delivered the opinion of the court:

The subject of this appeal is an order granting temporary custody of the minor children of Leonard Kramer and the petitioner, Susan Kramer, to Leonard's first wife, Margaret Kramer, the respondent herein. The issue presented for review is whether the trial court erred in granting temporary custody of the petitioner's minor children to respondent, who lacked standing under section 601(b)(2) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 601(b)(2)).

Although no appellee's brief has been filed, we are not precluded from reviewing this case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On June 11, 1984, judgment for dissolution of marriage was granted to Leonard Kramer and petitioner. By that judgment, Leonard was granted custody of the parties' minor children, eight-year-old Kelli and nine-year-old Nina. Petitioner was granted reasonable visitation and was required to pay child support. Subsequently, petitioner moved to Nevada and remarried. On December 4, 1985, Leonard died, and Kelli and Nina went to live with Margaret Kramer, to whom Leonard had been married prior to his marriage to petitioner. On May 22, 1986, she filed a petition for temporary custody of the children in which she alleged, *inter alia,* that she learned of Leonard's death on May 4, 1986, and that respondent refused her request to visit with the children. A hearing was set on that petition for May 23, 1986. On that date, respondent filed her appearance, and an order was entered setting the cause for a contested hearing, giving respondent 14 days to respond to the petition and granting petitioner visitation on May 24, 1986, and May 25, 1986.

On June 13, 1986, petitioner filed an emergency petition for injunctive relief in which she alleged, *inter alia,* that the parties through counsel had arranged for petitioner to visit with the children during the weekend of June 14, 1986, but on June 12, 1986, she learned that respondent would not permit the visitation; that a hearing was set for June 16, 1986, in which the children were to appear; that respondent planned to send the children to school rather than bring them to court;

that there could not be a full hearing in the absence of the children; that Margaret lacked standing because she had not filed any pleadings; and that respondent's attorney stated that he would not be present for the hearing on the emergency petition but would be available on June 16, 1986, which in effect would make the issue of the weekend visitation moot. Petitioner requested that the court order respondent to permit visitation on June 14, 1986, and to bring the children to court on June 16, 1986, for an *in camera* examination. The court then entered an order granting petitioner the visitation as requested.

On June 16, 1986, respondent filed a response which alleged that although petitioner was the natural mother of the minor children, her petition for custody was improper because section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 610(a)) precluded a modification of a custody judgment within two years unless the court had reason to believe the child was endangered.

In her reply to respondent, petitioner alleged that she had remained in contact with the children following the dissolution judgment, that she moved to Nevada in 1985, that prior to Leonard's death the children resided with him and not respondent, that after he died the children went to live with respondent, and that when petitioner learned of the death she filed her petition for a change of custody.

At the commencement of the scheduled hearing on petitioner's petition for temporary custody, the trial court learned that petitioner and the children had disappeared. The court then entered an order granting respondent temporary custody of the minor children although she had not filed pleadings seeking such relief.

■■ ■ From our review of the record, we observe that petitioner left the court's jurisdiction with the minor children prior to the entry of the order for temporary custody and that apparently in her absence, her attorney has pursued this appeal in her behalf. However, it is well settled that those who seek relief from the court must submit to its jurisdiction and comply with the orders thereby entered. (See *People v. Bermundez* (1973), 114 Ill. App. 3d 86, 302 N.E.2d 246.) Under the circumstances, petitioner's failure to comply with the court order compels us to dismiss this appeal until such time that she returns the children to this jurisdiction and conforms with the legal process.

For the reasons stated, this appeal from the order entered by the circuit court of Cook County is dismissed.

Appeal dismissed.

SULLIVAN, P.J., and MURRAY, J., concur.