434 S.E.2d 402

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Dawnella ROGERS, Defendant Below, Appellant.**

**No. 21516.**

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1993.

Decided July 22, 1993.

Stephen R. VanCamp, Asst. Atty. Gen., Charleston, for appellee.

Tracy P. Burks, Director, Public Defender's Office, Princeton, for appellant.

WORKMAN, Chief Justice:

This case is before the Court upon the appeal of Dawnella Rogers from the May 27, 1992, order of the Circuit Court of Mercer County which denied the Appellant's motion for resentencing and enlargement of time so that an appeal of her May 27, 1987, drug convictions could be filed. The Appellant argues that the "glaring instance of ineffective assistance of counsel" demonstrated by her attorney's failure to submit a petition to this Court after filing the intent to appeal constituted the necessary good cause required for an enlargement of the appeal period pursuant to West Virginia Code § 58-5-4 (Supp.1992)[1] and Rules 3 and 16 of the West Virginia Rules

---

**1.** West Virginia Code § 58-5-4 provides, in pertinent part, that:

 No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the state be a party thereto or not, which shall have been rendered or made more than four months before such petition is filed with the clerk of the court where the judgment, decree or order being appealed was entered: Provided, That the judge of the circuit court may, prior to the expiration of such period of four months, by order entered of record extend and reextend such period for such additional period or periods, *not to exceed a total extension of two months, for good cause shown,* if the request for preparation of the transcript was made by the party seeking such appellate review within thirty days of the entry of such judgment, decree or order. (emphasis added).

 At the time the Appellant was sentenced, West Virginia Code § 58-5-4 provided for an appeal period of eight months. The statute was subsequently amended in 1990 and currently provides for an appeal period of four months.

of Appellate Procedure.[2] The Appellee, however, maintains that the Appellant waived her right to appeal her 1987 convictions when she voluntarily chose to abscond from the State rather than proceed with the appeal. Further, the Appellee argues that there was no evidence tending to show good cause based upon ineffective assistance of counsel since the reason the appeal was not prosecuted was because of the escape of the criminal defendant from custody. Moreover, the Appellee asserts that the circuit court correctly refused to resentence the Appellant and to enlarge the time for an appeal based upon this Court's precedent for dismissing an appeal when the defendant was not in custody at the time the appeal is filed.[3] Having reviewed the briefs of the parties, the record and all other matters submitted before this Court, we conclude that the lower court committed no error in denying the Appellant's motion for resentencing and enlargement of time for filing an appeal. Accordingly, we affirm.

On May 27, 1987, a jury convicted the Appellant of possession with intent to deliver a schedule II controlled substance (Oxycodone) and possession with intent to deliver a schedule IV controlled substance (Lo-razepam). On May 29, 1987, the Appellant was sentenced to one to five years and one to three years respectively for each conviction. The sentences were to be served consecutively. The lower court then placed the Appellant on in-house detention under a $25,000 post-conviction bond which was returnable when this Court either affirmed the convictions or denied the appeal. Subsequently, on July 2, 1987, the Appellant's appointed counsel[4] filed a "Notice of Intent to Appeal".

On February 11, 1988, Joseph Allen, the Appellant's probation officer, asked the lower court to issue a bench warrant for the Appellant's arrest. Mr. Allen informed the court that the Appellant was not at her home during a random home check and she had failed to appear at a January 29, 1988, resentencing hearing on an unrelated drug conviction. The lower court issued the bench warrant and on February 16, 1988, the court forfeited her post-conviction bond.[5]

The Appellant was apprehended sometime in early 1992. On May 27, 1992, the Appellant, at that time represented by Michael Lawrence, moved the court to resentence her in order to enlarge her time for

---

**2.** West Virginia Rule of Appellate Procedure 3(a) provides, in pertinent part, that:

> *Time for Petition.* No petition shall be presented for an appeal from, or a writ of supersedeas to, any judgment, decree or order, which shall have been rendered more than four months before such petition is filed in the office of the clerk of the circuit court where the judgement, decree or order being appealed was entered, whether the State be a party thereto or not; provided, that *the judge of the circuit court may for good cause shown, by order entered of record prior to the expiration of such period of four months, extend and re-extend such period, not to exceed a total extension of two months, if a request for the transcript was made by the party seeking an appeal* or supersedeas within thirty days of the entry of such judgment, decree or order. (emphasis added).

West Virginia Rule of Appellate Procedure 16(b) provides: *"Enlargement of Time.* The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time."

**3.** The trial court ruled as follows:

> Well, it just appears to me, and there's precedent for this from the Supreme Court, that I remember one case was pending appeal in the Supreme Court, a matter of fact the Supreme Court had agreed to hear the case, the person absconded from the jurisdiction, the Supreme Court dismissed the case at that point on appeal because the person had absconded.... So, it appears to me that she—she had eight months to file her appeal, she didn't do that. The lawyer, of course, couldn't do it because she had left and couldn't confer with her, and she's got her habeas corpus rights at this point, that if she wants to challenge anything she can do it through habeas corpus, otherwise it would simply encourage people ... to leave the area without ... any real problem....

**4.** Mr. Kersey was the appointed counsel who filed this notice and who also represented the Appellant during trial. On November 9, 1987, however, the lower court granted Mr. Kersey's motion to withdraw from the Appellant's case. The lower court appointed George Taylor to represent the Appellant on appeal.

**5.** A judgment order against the sureties on the bond was entered on June 27, 1988.

appeal which had expired on February 28, 1988. The lower court's denial of the motion forms the basis for this appeal.

The Appellant argues that she was denied her constitutional right to petition for appeal on her 1987 drug convictions based on her counsel's ineffectiveness in failing to file her appeal within the prescribed statutory period which expired during her absence. Due to this showing of good cause, the Appellant maintains that the trial court should have granted an enlargement of time within which to file her appeal and further, that the trial court should have resentenced her.

 It is well-established in this State that

[t]hrough the interpretation of Article III, § 10 and Article III, § 17 of the Constitution of West Virginia, this Court has recognized a constitutional right to petition for appeal in criminal cases and has also 'constitutionalized' the criminal defendant's right to receive a free transcript, appointed counsel, and the effective assistance of counsel in appellate proceedings.

Syl.Pt. 3, *Billotti v. Dodrill*, 183 W.Va. 48, 394 S.E.2d 32 (1990). However, it is also clear that "West Virginia does not grant a criminal defendant a first appeal of right, either statutorily or constitutionally." *Id.* at 49, 394 S.E.2d at 33, Syl.Pt. 4, in part. Further, the Appellant may lose the right to appeal if the appeal is not filed in the time prescribed by statute, since "[t]he appellate court does not acquire jurisdiction and cannot entertain an appeal unless the appeal petition is filed within the prescribed appeal period." *State v. Legg*, 151 W.Va. 401, 406, 151 S.E.2d 215, 219 (1966); *see* W.Va.Code § 58–5–4.

 This Court has also held in the syllabus of *State v. Conners*, 20 W.Va. 1 (1882) that

A prisoner convicted of felony obtains a writ of error, and he then escapes from jail and is still at large. In such case the appellate court will order, that the writ of error be dismissed by a certain day, unless it shall be made to appear to the

court before that day, that the plaintiff in error is in custody of the proper officer of the law.

*Accord* Syllabus, *State v. Spry*, 126 W.Va. 781, 30 S.E.2d 88 (1944); Syl.Pt. 1, *State v. Sites*, 20 W.Va. 13 (1882); *see State v. Dotson*, No. 18473 (W.Va. filed September 26, 1989) (order dismissing case due to appellant's fugitive status); *see also Ortega–Rodriguez v. United States*, —— U.S. ——, ——, 113 S.Ct. 1199, 1204, 122 L.Ed.2d 581 (1993) (stating that justifications for dismissal of fugitive's appeal include ensuring judgment enforceability, deterring escape, advancing dignified appellate process and construing defendant's flight during appeal "as tantamount to waiver or abandonment."); *Estelle v. Dorrough*, 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975) ("Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law."); *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586 (1970) ("No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims."); *Allen v. Georgia*, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897) (accused who escaped custody and was fugitive from justice when Supreme Court of Georgia dismissed writ of error was not denied due process of law and such dismissal was justified by accused's abandonment of case).

Theoretically, the Appellant's attorney could have filed the appeal in the Appellant's absence. However, this Court articulated in *Spry* that:

the accused here is in a much worse situation than the defendants in our two reported cases [*Conners* and *Sites*]. Unknown to this Court he was actually out of custody long before the writ of error was granted. The Court would not

have considered his petition for review if the actual situation had been known....

126 W.Va. at 784, 30 S.E.2d at 90.

 Quite clearly, this Court will not consider the appeal of a criminal defendant who has escaped custody and is a fugitive from justice at the time the appeal is filed. Therefore, we hold that a criminal defendant does not present good cause for granting a motion for resentencing and an enlargement of time for filing an appeal where the reason for the defendant's failure to prosecute the original appeal was that the defendant voluntarily absconded from the State's custody and remained at large throughout the duration of the statutorily-prescribed appeal period.

 The record in this case indicates that the lower court informed the Appellant of her right to appeal her convictions at the sentencing hearing. Further, the Appellant was advised that her appeal had to be filed within the statutorily-prescribed period for filing the appeal. At that time, the Appellant's attorney, Mr. Kersey, advised the court that he had discussed filing an appeal with his client and that he intended to file an appeal on the Appellant's behalf. Subsequent to the filing of the notice of intent to appeal, the Appellant voluntarily fled from the State's custody and remained at large for some four years. The record is devoid of any evidence that the Appellant had indicated to her new attorney at the time of her escape that she wished to proceed with her appeal. Moreover, from this Court's perspective, an attempt to have an appeal heard would have been futile as long as the Appellant remained at large.

This Court would be hard-pressed to find that the facts of this case justify granting the Appellant an extension of time in which to file an appeal. In essence, the Appellant voluntarily relinquished her right to file an appeal when she chose to escape from custody. Thus, we find no error on the part of the trial court in its denial of the Appellant's motion requesting resentencing and an for enlargement of time for filing an appeal.

Based on the foregoing, the decision of the Circuit Court of Mercer County is hereby affirmed.

Affirmed.