# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**May 17, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0136** (Mineral County 10-F-143)

**Steven S.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Steven S.,[1] appearing *pro se*, appeals the Circuit Court of Mineral County's "Order Denying Motion To Reconsider Sentence" entered on January 9, 2012. The State, by counsel Marland L. Turner, filed a summary response to which petitioner replied. For reasons more fully set forth below, we affirm in part and remand in part.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 8, 2010, petitioner was indicted on fifty-six counts, including sexual abuse, incest, and sexual assault of his minor daughters. On February 2, 2011, petitioner pled guilty to three counts of sexual abuse by a custodian. On June 22, 2011, petitioner was sentenced to not less than ten nor more than twenty years in prison on each count. The circuit court ordered the sentences to run consecutively for a net effective sentence of not less than thirty nor more than sixty years in prison. Petitioner claims that thereafter he asked his trial counsel to pursue a direct appeal, but that counsel never filed an appeal.

On October 18, 2011, petitioner filed a pro se motion for reconsideration of his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Petitioner's grounds for relief were that he regretted his crimes and had the support of his family. Petitioner asked that his sentence be reduced by running each sentence concurrently for a net effective sentence of not less than ten nor more than twenty years in prison. Petitioner also requested the appointment of counsel, transcripts, post-conviction discovery, and a fee waiver so that he could pursue a direct appeal.

---

[1]Because of the sensitive nature of the facts alleged in this case, we refer to petitioner using his first name and last initial. *See State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials. Since, in this case, the victim . . . [is] related to the appellant, we have referred to the appellant by his last name initial." (citations omitted)).

1

By order entered January 9, 2012, the circuit court denied petitioner's Rule 35(b) motion on the ground that petitioner "provided no reasoning" for a sentence reduction. The circuit court noted the seriousness of petitioner's crimes and reasoned that each of petitioner's three victims should receive justice. Additionally, the circuit court denied petitioner's motions for appointment of counsel, transcripts, post-conviction discovery, and a fee waiver on the ground that the motions were moot given that petitioner's time for filing a direct appeal had expired prior to his October 18, 2011, filing of the Rule 35(b) motion.

On appeal, petitioner raises two assignments of error. Petitioner first argues that the circuit court erred in denying his Rule 35(b) motion for reduction of sentence. In such appeals, we apply the following standard of review.

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Petitioner argues that the circuit court denied his right to due process by denying his Rule 35(b) motion. Petitioner contends that if reducing his sentence would depreciate the seriousness of his guilty plea, the circuit court should not have accepted the plea. Petitioner admits that he knew sentencing was solely in the discretion of the circuit court, but nevertheless claims that he should have received some benefit for pleading guilty, such as concurrent or suspended sentences.

In Syllabus Point 5 of *Head*, we said, "[w]hen considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period. . . ." Applying this standard, we find that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion because petitioner presented no new facts or arguments that arose between the time he was sentenced and the time he filed his Rule 35(b) motion. *See State v. Redman*, 213 W.Va. 175, 179-80, 578 S.E.2d 369, 373-74 (2003). Instead, petitioner merely expressed regret for his crimes and stated that he had the support of his family. As for petitioner's argument that he received no benefit for his guilty plea, we note that petitioner was allowed to plea to three counts of a fifty-six count indictment. The apparent dismissal of the remaining fifty-three counts was a significant benefit of petitioner's guilty plea.

Petitioner next argues that the circuit court erred in denying his motion for appointment of counsel because, in so doing, it denied his right to a direct appeal in violation of Article III, Section 10 of the West Virginia Constitution, West Virginia Code § 58-5-1, and Syllabus Point 1 of *State v. Rogers*, 189 W.Va. 730, 434 S.E.2d 402 (1993), which states as follows:

"[t]hrough the interpretation of Article III, § 10 and Article III, § 17 of the Constitution of West Virginia, this Court has recognized a constitutional right to petition for appeal in criminal cases and has also 'constitutionalized' the criminal defendant's right to receive a free transcript, appointed counsel, and the effective assistance of counsel in appellate proceedings." Syl. Pt. 3, *Billotti v. Dodrill*, 183 W.Va. 48, 394 S.E.2d 32 (1990).

The circuit court correctly found that petitioner's appellate filing period had expired. However, "[t]he constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court. . . ." Syl. Pt. 8, in part, *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977). Therefore, in light of the facts in this particular case, we remand with instructions to the circuit court to resentence petitioner and to appoint appellate counsel so that petitioner may pursue a direct appeal of his guilty plea.

For the foregoing reasons, we affirm the portion of the circuit court's January 9, 2012, order denying petitioner's Rule 35(b) motion to reconsider sentence, but remand with instructions to resentence petitioner for the purpose of restarting his appeal period and to appoint appellate counsel.

Affirmed in part and remanded in part.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum

**CONCURRING IN PART AND DISSENTING IN PART:**

Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Workman and Justice Loughry concur in the decision to affirm the circuit court's order regarding sentencing, but dissent from the decision to remand with instructions to the circuit court to resentence petitioner and to appoint appellate counsel.