## CHARLES HARDING v. STATE OF MISSISSIPPI.

### [50 South. 694.]

#### MOTION TO DISMISS APPEAL.

CRIMINAL LAW AND PROCEDURE. *Appeal. Escape pending. Misdemeanors. Code* 1906, § 1495. *Felonies. Supreme court practice in absence of appellant.*

Where a misdemeanant abandons an appeal from his conviction the appeal will be dismissed by the supreme court, since the statute, Code 1906, § 1495, authorizes the trial of misdemeanors in the absence of the accused; but where a defendant convicted of a felony appeals to the supreme court and escapes from custody, the appeal will not be dismissed nor the case decided in his absence.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Harding, appellant, was indicted for obtaining money under false pretenses, was tried, convicted, sentenced to the penitentiary, and appealed to the supreme court.

Pending his appeal he escaped from custody. When the case was reached in the supreme court, the attorney-general moved a dismissal. Other facts are stated in the opinion of the court.

*George Butler*, assistant attorney-general, for the motion.

If a prisoner is convicted and escapes from custody pending

his· appeal and is at large when his appeal is called for trial,. the court may, in its discretion, either dismiss the appeal, hear and determine the assignments of error, or continue the case: *State v. Cody,* 119 N. C. 908, 56 Am. St. Rep. 592; *State v.. Jacobs,* 107 N. C. 772, 22 Am. St. Rep. 912; *State v. Anderson,* 111 N. C. 689.

The general rule is that when a convicted prisoner takes an appeal, and escapes from custody pending his appeal, the appeal will be dismissed: *Warwick v. State,* 73 Ala. 486, 49 Am. Rep. 59; *Wilson v. Commonwealth,* 10 Bush (Ky.), 526,. 19 Am. Rep. 75; *Madden v. State,* 70 Ga. 383; *Osborn v. State,* 70 Ga. 731; *Sargent v. Slate,* 96 Ind. 63; *State v. Scott,* 70 Kan. 692; *State v. Robertson,* 51 La. Ann. 159; *State v.. Thribadeaux,* 48 La. Ann. 600; *State v. Casey,* 44 La. Ann. 968; *State v. Porter,* 41 La. Ann. 402; *State v. Mansfield,* 38 La. Ann. 563; *State v. Edwards,* 36 La. Ann. 863; *Territory v. Trinkhouse,* 4 N. M. 158, 13 Pac. 341; *State v. Anderson,* 111 N. C. 689; *People v. Treymaine,* 3 Utah, 331; *Insoll v.. Slate* (Tex.), 40 S. W. 792; *Hinds v. State* (Tex.), 40 S. W. 792; *Sanders v. State* (Tex.), 40 S. W. 495; *Brannon v. State* (Tex.), 40 S. W. 495; *Isom v. State* (Tex.), 70 S. W. 23; *Graham v. State* (Tex.), 20 S. W. 376; *Zardenta v. State* (Tex.), 23 S. W. 684; all of which are directly in point unless it be some of the Texas cases, which seem to be based upon statutes.

The case of *State v. Plazenica,* 6 Rob. La. 441, 41 Am. Dec. 211, is sometimes cited as authority for the contrary (see 22 Am. St. Rep. note 920), but it is not so in fact: that case was a forfeiture on an appearance bond and civil in its nature, and, of course the fact that appellant had gone out of the state did not operate as a waiver. But if I should be mistaken in this,. then the case was overruled in *State v. Wright,* 32 La. Ann. 1017, 36 Am. Rep. 274, and the other Louisiana cases cited *supra,* where the court said they were unable to find any precedent in their state on a similar motion. *Parsons v. State,*

sometimes cited against the practice, was expressly declared unsound and not well considered, an "anomaly," and overruled in *Warwick v. State,* 73 Ala. 486, 49 Am. Rep. 486.

In *McMillian v. State,* 94 N. C. 945; *State v. Pickett,* 94 N. C. 971; *State v. Brooksville,* 94 N. C. 972; and *People v. Sharkey,* 1 Hun (N. Y.), 300, it is held that the appeal will not be dismissed because of the defendant's escape, nor heard on its merits, but the latter case seems to be in conflict with *Genet v. People,* 59 N. Y. 80, 17 Am. Rep. 315. (See also 46 Ill. App. 434, 37 Mo. App. 83.)

The practice in some of the states is to order that the appeal stand dismissed unless the defendant shall on or before a certain day named in the order, return to the proper custody: *People v. Redinger,* 55 Cal. 290, 36 Am. Rep. 32; *State v. Wright,* 32 La. Ann. 1017, 36 Am. Rep. 274; *Smith v. U. S.,* 94 U. S. 97; *Shannon v. Commonwealth,* 14 Gratt. (Va.) 677; *Leftwich v. Commonwealth,* 20 Gratt. (Va.) 716; *State v. Conners,* 20 W. Va. 1; *State v. Sites,* 20 W. Va. 13; *McGowan v. People,* 104 Ill. 100, 44 Am. Rep. 87; *Woodson v. State,* 19 Fla. 549; *City v. Manix,* 6 Kan. App. 105; *State v. Handy,* 27 Wash. 469; *Gentry v. State,* 91 Ga. 669; *Moore v. State,* 44 Tex. 595; *State v. Carter,* 98 Mo. 431; *State v. Johnson,* 44 S. C. 556; *State v. Dempsey,* 26 Mont. 504; all of which cases are directly in point; and see also: *Anon.,* 31 Me. 592; *State v. Murrell,* 33 S. C. 83; *People v. Genet,* 59 N. Y. 80, 17 Am. Rep. 315; *Bronk v. Bronk,* 46 Fla. 475, 35 South. 870; 110 Am. St. Rep. 101; 7 Encl. Pl. and Pr. 925; 12 Cyc. 879; 15 Cent. Dig. Tit. "Criminal Law," 1131.

Some of the courts put their decision on the ground that the court cannot proceed unless the prisoner is in custody—such as in the case of *Genet v. People, supra,* but the fallacy of this reasoning is clearly pointed out in the North Carolina cases, *supra,* and also in the California case cited, and, of course, the accused may waive his presence on the hearing of his appeal in this state. Some of the courts proceed on the idea that as the

prisoner is in contempt the court will not hear him.  *Bronk v. Bronk,* 46 Fla. 474, 35 So. 870.

A quasi-criminal proceeding is principally placed on this ground, and such seems to be the reasoning of the New York court, but it is just a little difficult to see the soundness of this reasoning.   The defendant has done nothing but invoked the jurisdiction of the supreme court and then placed himself beyond it.   He has not escaped its custody.   The true ground, it seems to me, is that of inconsistent conduct.   By perfecting the appeal the defendant invokes the jurisdiction of this court; by becoming a fugitive from justice he impliedly repudiates it for he denies its jurisdiction of his person by placing himself beyond it—beyond the reach of its power and process.   The rule is that one appealing, must perfect his bill of exceptions, see that the record is filed in this court, and the errors pointed out, on which a reversal is asked.   If he fail in this the appeal is dismissed though the court knows by the certificate of appeal that the case has been appealed.   The reason of this is manifest.   By his failure to perfect the record he acts inconsistent with his acts in taking the appeal.   Somewhat similarly, if a party to a judgment in a civil proceeding accept payment of a judgment pending the appeal it will operate as a bar to the proceedings. *Adams v. Carter,* 92 Miss. 597.   Similar questions have been before this court when on appeal from the justice court to the circuit court on the failure of the defendant to appear when called, the appeal was dismissed though the defendant had counsel present and demanding trial under statutes that provide for a trial in the absence of the accused in such cases, and in a uniform line of cases beginning at least as far back as *Caldwell's case,* 62 Miss. 774, this court has approved the practice of dismissing the appeal and awarding a *procedendo;* but a case more directly in point is that of *Roberts v. Port Gibson,* 89 Miss. 75, where an appeal was dismissed by the circuit court though counsel for accused was present and demanding trial while the defendant was a fugitive from justice, and

where on appeal this action was approved and the appeal here dismissed because of the default. I have gone into this matter at this length to show the almost unanimity of the authorities, as the direct question has never been passed upon by this court, and in cases involving the life or liberty of the accused, the court might well decline to dismiss until at least one or two terms of the court had elapsed; but it should *not* allow its jurisdiction to be trifled with and lend its aid to encourage escapes. The practice heretofore pursued has given the accused always two and sometimes three chances for escape; thus he may elude the officers, or if captured after much effort have the case heard and if reversed, another chance before another jury in many instances so long after the commission of the crime until the witnesses are dead or removed which fact ultimately results in an acquittal.

MAYES, J., delivered the opinion of the court.

At the September term of the circuit court of Monroe county, 1908, Charles Harding was convicted of obtaining money under false pretenses and given a three-year sentence in the penitentiary. After the conviction an appeal was prosecuted therefrom to the supreme court, and the record filed here on the 2d day of February, 1909. Subsequently, on motion of the assistant attorney-general, it was made to appear to the court that while this appeal was pending the appellant had made his escape from custody, and on motion of the assistant attorney-general the case was taken from the active calendar of the court and passed to the files to await the rearrest of appellant. Motion was made to this effect in February, 1909, and the order taken on the 11th of February, same year. On October 13, 1909, a second motion was made by the assistant attorney-general, asking this court to reinstate the case on the active calendar, and dismiss same, because of the fact that the appellant had escaped, and therefore, under the contention of the attorney-general, abandoned his appeal.

Opinion of the court.

We may say, in the outset, that almost the unanimous authority of the various courts of the Union, as shown by the adjudicated cases where this question has arisen, is in support of the position taken by the assistant attorney-general, and if we were to follow authority from other states we would be bound to sustain the motion. Many of the adjudicated cases, however, find their predicate in statutes requiring the court to dismiss in cases like this; but we think that this whole matter is merely a rule of practice, which, in the absence of a statute on the subject, each court may adopt for its own government. We therefore decline to adopt the rule followed by any other state, but adhere to our own practice, which has prevailed uniformly heretofore, and refuse to either act upon or dismiss an appeal, where it is shown that appellant has escaped, in all cases where it is an appeal from a conviction of a felony. If an appeal be prosecuted for any offense less than felony, pursuing the policy outlined in Code 1906, § 1495, which permits the trial of a party on a misdemeanor charge in his absence, we will dismiss any case less than felony, where it is made to appear that the party has abandoned his appeal or escaped from custody pending the appeal. We think this is a safer and more just rule of practice, and shall adhere to it until the legislature sees fit to change it. A very instructive case on this subject is to be found in 94 N. C. 945, in the case of *State v. McMillan.* We are aware of the fact that the court rendering this opinion afterwards decided the question the other way, but it was not until after the legislature had passed an act requiring it so to do.

Let the case remain on file. Motion overruled.

*Overruled.*