## LOFTON *v.* STATE.*

(In Banc. Feb. 20, 1928.)

[115 So. 592. No. 26381.]

CRIMINAL LAW. *Where one, subsequent to appeal from conviction for felony, escapes from custody, appeal will be dismissed; on escape of one convicted of felony and dismissal of appeal, trial court will proceed in accordance with statute (Hemingway's Code 1927, °section 1351).*

Where a person is convicted of a felony and appeals from such conviction and, subsequent to the appeal, escapes from custody, the case, when reached on the regular call of the docket, will be dismissed, and the court below will proceed in accordance with section 1524, Code of 1906 (section 1351, Hemingway's Code 1927).

---

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 196, n. 17.

APPEAL from circuit court of Pike county.

HON. E. J. SIMMONS, Judge.

Robert Percy Lofton appeals from conviction of a felony. Appeal dismissed.

*Williams & Hunt,* for appellant.

The court has no jurisdiction over the person of the defendant. This being a felony case it is ruled and controlled by *Harding* v. *State,* 96 Miss. 204, 50 So. 694. This case is absolutely controlling, and this appeal cannot be dismissed, and the only course that can be taken, would be to remand to the files, as appellant was convicted of a felony, and under the authority quoted, the court has heretofore uniformly refused to even act upon an appeal, where it is shown that appellant has escaped, in all cases where it is an appeal from a felony.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

In support of the motion to remand, counsel for appellant cites the case of *Harding* v. *State,* 96 Miss. 204. The court in this opinion says that it is contrary to all the other courts of the country. This case, perhaps, ought to be overruled. However, I think it unnecessary to do so in the decision of the case at bar. We submit that the motion to remand should be overruled because the court has no jurisdiction of the person of the defendant, he cannot be heard on this motion to remand. To allow this appeal to remain on the docket because the appellant has escaped, would be giving an escaped convict greater rights in this court than a convict who is *in custodia legis.*

ETHRIDGE, J. This appeal was filed in this court on January 18, 1927, and was docketed for the February, 1927, call of the criminal docket. On January 27, 1927, a motion was filed by the Attorney-General to dismiss the appeal because the appellant had escaped from prison, and was not under bond to appear and answer such judgment as might be rendered. A copy of this motion was served upon the attorney representing the appellant, and such attorney filed a motion to remand the case to the files and to strike therefrom the motion filed by the Attorney-General.

It appears that neither motion was presented to the court, and the case remained *in statu quo* until placed on the docket for final call, and came on for consideration on the January call of the criminal docket.

No briefs or assignments of error having been filed, the court orally ordered the cause dismissed; but, on suggestion of the appellant's attorney that it ought not to be dismissed because of the decision of this court in *Harding* v. *State,* 96 Miss. 204, 50 So. 694, where the court refused to recall a case previously remanded to the files and place it on the active docket, on the ground

that the defendant had escaped pending an appeal, we ordered the case submitted on the motions. In that opinion (96 Miss. 204, 50 So. 694) the court stated that all the states except this one dismissed appeals under such circumstances. The court further announced that the matter was merely a question of practice, and that this court decided for itself what practice would be adopted in such cases. It was adjudged that the court would not dismiss the appeal in this case, but must remand it to the files to await surrender or recapture of the escaped prisoner.

Section 3395, Hemingway's Code 1927 (section 4914, Code of 1906), authorizes the Supreme Court to make such rules in respect to making out records, and prescribe the form of such records, etc., causing them to be bound, but shall not require them to be printed, and may enforce these rules by proper fines or by refusal to allow costs to be taxed to the clerks below on records not made out according to the rules; and "the court may prescribe the mode of pleading in causes therein, civil and criminal, and the manner of trying the same; and may also establish such rules of practice and proceedings therein as may be deemed necessary and proper for certainty and dispatch of business, and may dismiss causes for noncompliance with any of the rules; but such rules must be consistent with law."

In pursuance of the power thus conferred by rule 20 (104 Miss. 907), this court has provided that:

"When any cause shall be called for trial in its order, if no counsel appear and no brief be filed on behalf of the appellant, the cause shall be dismissed for want of prosecution."

It is a clear principle of law that a person who appeals a case to this court shall prosecute his appeal with due diligence, and that his cause shall be dismissed unless he does so, and especially where he violates the law by escaping from custody and refusing to prosecute his appeal.

When an appeal is taken to this court from the court below, that court cannot proceed with the cause in any manner until it is disposed of in this court. Consequently, the court below can take no steps to take control of the case.

This court is under no duty to retain the cause here awaiting until the prisoner shall.be recaptured, and then give him the benefit of his appeal.

The appeal will therefore be dismissed, and the officer from whose custody the prisoner escaped may, under section 1449, Code of 1906 (section 1267, Hemingway's Code 1927), rearrest the party either with or without a warrant, and if the prisoner should be recaptured, the trial court will proceed under section 1524, Code of 1906 (section 1351, Hemingway's Code 1927).

*Appeal dismissed.*