INZER, Justice:
ON MOTION
Appellant, Charles Jones, was tried and convicted in the Circuit Court of Coving-ton County for the crime of felonious assault upon an officer. He was sentenced to serve a term of four years in the State Penitentiary and he perfected an appeal to this Court. When the record reached this Court the State filed a motion to dismiss his appeal for the reason that appellant had escaped from jail and was a fugitive from justice. Counsel for appellant answered the motion but did not controvert the fact that appellant had escaped jail and was a fugitive. On September 23, 1968, we passed this motion until the case was called on our calendar. On January 20, 1969, the State filed an amendment to its motion to which it attached an affidavit of the sheriff of Covington County which affidavit revealed that appellant had escaped jail and was still a fugitive from justice. On the following day the case was reached on our docket and when the case was called counsel for appellant appeared and presented argument on the motion. He did not refute the fact that appellant had escaped and was a fugitive.
*706 The State recognizes that our existing rule of practice is that under these circumstances we will not hear the appeal on the merits but will remand the case to the files until such time as appellant is returned to custody. The State points out that under this practice an appellant may not be returned to custody until after a long lapse of time and if the appeal is then heard and the case is reversed it is sometimes impossible to retry such person because of the long delay due solely to the wrongful act of the appellant.
An examination of our cases dealing with this subject reveals that in Harding v. State, 96 Miss. 204, SO So. 694 (1909), this Court considered a similar motion by the State. The Court in passing on the motion said:
We may say, in the outset, that almost the unanimous authority of the various courts of the Union, as shown by the adjudicated cases where this question has arisen, is in support of the position taken by the Assistant Attorney General, and if we were to follow authority from outside states we would be bound to sustain the motion. Many of the adjudicated cases, however, find their predicate in statutes requiring the court to dismiss in cases like this; but we think that this whole matter is merely a rule of practice, which, in the absence of a statute on the subject, each court may adopt for its own government. We therefore decline to adopt the rule followed by any other state, but adhere to our own practice, which has prevailed uniformly heretofore, and refuse to either act upon or dismiss an appeal, where it is shown that appellant has escaped, in all cases where it is an appeal from a felony. If an appeal be prosecuted for any offense less than felony, pursuing the policy outlined in section 1495 Code 1906, which permits the trial of a person on a misdemeanor charge in his absence, we will dismiss any case less than felony, where it is made to appear that the party has abandoned his appeal or escaped from custody pending the appeal. We think this is a safer and more just rule of practice, and shall adhere to it until the Legislature sees fit to change it. (96 Miss, at 209, 50 So. at 694).
In Harrelson v. State, 222 Miss. 514, 76 So.2d 516 (1954), which was a capital case we again overruled a similar motion on behalf of the state and adhered to the rule announced in Harding, supra. The legislature has not seen fit to legislate on this subject and has properly left to us to adopt our own rule of practice. After careful consideration of the matter in the light of present day circumstances, we have determined that in order to properly control our docket and to insure prompt disposition of cases in this Court and in the trial court, that we should change this rule of practice and adopt a new rule. The new rule is that where a person is convicted of a felony and perfects an appeal to this Court and escapes from custody pending his appeal and is still a fugitive when his case is called for hearing on the merits such action shall be deemed an abandonment of the appeal and will be subject to a motion by the State to dismiss such appeal. However, such dismissal shall be subject to be reinstated on motion of appellant showing good cause therefor. The cases of Harding, and Harrelson, supra, and any other cases holding to the same effect are hereby overruled insofar as they are in conflict with this decision.
The motion to dismiss the appeal will be sustained, but since we are changing the rule and adopting a new rule such dismissal will not become final until ninety days from the date of the order herein. If during this period appellant is returned to custody and satisfactory proof to that effect is furnished this Court, the appeal will be reinstated, otherwise it will stand dismissed upon the expiration of the ninety day period.
All Justices concur.