311 So.2d 348 (1975)
Carl Ray MILLER
v.
STATE of Mississippi.
No. 48383.
Supreme Court of Mississippi.
April 21, 1975.
*349 Smith & Doggette, Anthony L. Thaxton, Laurel, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
SUGG, Justice.

ON MOTION TO DISMISS APPEAL
Miller was convicted of murder and sentenced to a life term in the penitentiary by the Circuit Court of the Second Judicial District of Jones County, Mississippi. The judgment of the court was dated April 9, 1974 and his motion for a new trial was denied April 18, 1974. From that conviction and sentence an appeal to this Court was perfected and briefs were filed. Miller's case was set for a hearing on the merits on April 8, 1975. Miller escaped from the Jones County jail on April 21, 1974 and when his case was called for a hearing on the merits, he had not been apprehended and remained a fugitive.
The State filed a motion to dismiss the appeal on the ground that Miller had escaped jail and was a fugitive.
In Jones v. State, 218 So.2d 705 (Miss. 1969) we adopted a rule providing for dismissal of cases where a person convicted of a felony escapes from custody pending appeal and is still a fugitive when the case is called for hearing on the merits. In Jones we stated:
After careful consideration of the matter in the light of present day circumstances, we have determined that in order to properly control our docket and to insure prompt disposition of cases in this Court and in the trial court, that we should change this rule of practice and adopt a new rule. The new rule is that where a person is convicted of a felony and perfects an appeal to this Court and escapes from custody pending his appeal and is still a fugitive when his case is called for hearing on the merits such action shall be deemed an abandonment of the appeal and will be subject to a motion by the State to dismiss such appeal. However, such dismissal shall be subject to be reinstated on motion of appellant showing good cause therefor. (218 So.2d at 706.) (Emphasis supplied.)
Jones was followed in Wheeler v. State, 249 So.2d 652 (Miss. 1971) and Stauffacher v. State, 299 So.2d 188 (Miss. 1974).
Although the three cases do not specifically hold that appeals which have been dismissed are subject to reinstatement only under Rule 18[1] of the Rules of this Court such holding is implicit in the cases. We therefore hold that felony cases dismissed because appellant has escaped and remains a fugitive when the case is called for a hearing on the merits, may be reinstated only under the provisions of Rule 18.
Motion sustained, appeal dismissed.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.
NOTES
[1] No cause that has been dismissed for any reason shall be reinstated unless a sworn motion is filed within fifteen (15) days of each dismissal setting forth probable error in the proceedings and good cause for reinstatement.