ON PETITION FOR WRIT OF MANDAMUS
SUGG, Justice, for the Court:
Petitioner filed a petition for writ of mandamus alleging that his petition for a writ of error coram nobis filed March 4, 1976, in the Circuit Court of the Second Judicial District of Jones County, had not been heard by that court. Petitioner named the Superintendent of the Mississippi State Penitentiary as respondent.
Petitioner was convicted of murder and sentenced to life imprisonment by the Circuit Court of the Second Judicial District of Jones County. His appeal was dismissed because he was a fugitive from justice when his case was called for hearing. Miller v. State, 311 So.2d 348 (Miss.1975).
The petition must be denied because a necessary party is lacking. A mandamus proceeding to compel a judge of a lower court to perform a duty should name the court as respondent. Process should issue to the judge of that court, except in multi-judge districts, process should issue to the senior judge of the district. The rule concerning necessary parties in a mandamus proceeding is stated in 55 C.J.S. Mandamus § 252 at 470-71 (1948) as follows:
The person or body whose duty it is to perform the act sought to be enforced by mandamus is a necessary, as well as a proper, party respondent or defendant. All persons or bodies on whom a common duty rests may be joined as respondents in a proceeding for the purpose of compelling the performance of that duty, and they are generally required to be joined.
Both those who are willing and those who are not willing to act may be joined as respondents, and although there is authority to the contrary, it has been held that all must be made respondents.
In this case the petition for writ of mandamus named the Superintendent of the Mississippi State Penitentiary as respondent. The Superintendent of the Penitentiary has no authority to hear a petition for writ of error coram nobis and was neither a necessary nor a proper party to the proceedings. The petition should have named the Circuit Court of the Second Judicial District of Jones County as respondent.
PETITION DISMISSED.
All Justices concur.