988 So.2d 359 (2008)
D.C. and S.G.
v.
D.C.
No. 2006-CA-00320-SCT.
Supreme Court of Mississippi.
June 19, 2008.
Rehearing Denied August 28, 2008.
*360 Jane E. Tucker, James W. Craig, Jackson, attorneys for appellant.
J. Stewart Parrish, Meridian, attorney for appellee.
EN BANC.

ON MOTION FOR REHEARING
WALLER, Presiding Justice, for the Court.
¶ 1. The motion for rehearing is granted. The original opinion is withdrawn and this opinion substituted therefor.
¶ 2. This case involved a contentious post-divorce custody fight centering on the mother's allegations of sexual abuse of the minor daughter by the father, with the eventual flight by the mother with the two minor children prior to trial.[1] After one year of acrimonious litigation, the chancellor granted the father's amended petition for custody modification and awarded him and the Mississippi Department of Human Services (DHS) joint legal and physical custody of the parties' two children. The mother, who remained at large with the children, appealed.
¶ 3. In its prior opinion issued on February 28, 2008, this Court applied the fugitive dismissal rule and the doctrine of unclean hands and dismissed the mother's appeal. We withheld the issuance of the mandate for forty days and set the following conditions which, if met by the mother within that time, would warrant reinstating her appeal: "The mother's appeal is dismissed and will not be reinstated unless the mother surrenders custody of the children to the Clarke County Department of Human Services; submits herself to the jurisdiction of the Chancery Court of Clarke County, Mississippi; files proof of compliance with these conditions with this Court; and shows good cause to this Court why it should reinstate her appeal." We also addressed an issue of grandparents' visitation.
¶ 4. On rehearing, the mother argues that the merits of the grandparents' visitation should not have been addressed by *361 this Court and that the Court should address the merits of her own appeal. We agree that the matter of grandparents' visitation was not properly before the Court as the grandmother's appeal had been remanded to the trial court by our order dated February 15, 2007. However, we find no merit in the mother's arguments on rehearing that we should address the merits of her appeal. The deadline previously set by this Court for the mother's compliance with the conditions precedent to having her appeal reinstated has come and gone. Since we have no proof the mother complied with any condition set by this Court's prior opinion, we finally dismiss her appeal. Likewise, the motion to reinstate appeal filed by D.C. is denied. We remove the stay entered on the mother's behalf, and the mandate shall now issue in accordance with our Rules of Appellate Procedure. We re-issue this opinion to serve as future reference for application of the fugitive dismissal rule where appropriate, and to provide precedent for conditions which may warrant reinstatement of such an appeal.

FACTS
¶ 5. The Chancery Court of Clarke County, Mississippi, granted the mother and father a divorce on grounds of irreconcilable differences in December 2000.[2] The parents jointly submitted an agreement concerning the distribution of marital property, child support, and child custody to the chancellor for approval. The chancery court attached the agreement to its divorce decree and imposed its terms. The court awarded the parents joint legal custody of their two children, awarded the mother sole physical custody of the children, and granted the father extensive visitation.
¶ 6. In mid-July 2004, after visitation with her father, the nine-year-old daughter gave her mother a note which stated that her "private is hurting." The mother, suspecting sexual abuse, sought medical advice and counseling for the daughter. She also contacted the Lauderdale County Sheriff's Office to investigate the abuse allegations against the father. Approximately one week before the Labor Day holiday, the father's next scheduled visitation period, the mother moved with the children to Texas. The mother did not turn the children over to the father for his scheduled visitation.
¶ 7. Having been denied visitation, the father petitioned the chancery court in October 2004 for an alteration of the visitation agreement and to have the mother held in contempt for withholding summer and Labor Day visitation. He requested that the chancellor modify the visitation agreement to grant him visitation over the entire summer break, and he requested sanctions and attorney's fees. The mother filed an answer and counterclaim, as well as a motion to appoint a guardian ad litem. The counterclaim alleged the father had sexually abused their daughter. It requested that visitation be held in abeyance until the daughter's allegations could be investigated. If the allegations were proven true, the mother requested the father's visitation be terminated. The chancellor appointed an attorney practicing in Clarke County to act as guardian ad litem for the children.
¶ 8. The guardian ad litem met with the parties and children and reviewed medical and counseling records before filing his preliminary report with the chancery court. Because of the mother's disobedience of the chancery court orders providing for the father's visitation, the mother's attempt to have a Texas court assume *362 jurisdiction, and the guardian's suspicions that the mother had manipulated the daughter into alleging abuse, the guardian ad litem recommended that he be given access to the children and that the father be granted further visitation. After meeting in chambers with the guardian and counsel for the parties, the chancellor entered an Order Sua Sponte directing that the children be placed temporarily with the Clarke County Department of Human Services (DHS). The father filed a motion to hold the mother in contempt for failing to comply with the chancery court's visitation orders. He also filed an amended petition with the chancery court, requesting sole physical and legal custody of the children.[3]
¶ 9. After the chancery court entered the Order Sua Sponte, the grandmother filed a motion to intervene and for reconsideration of the order, and asserted a claim for grandparents' visitation rights. The chancellor denied the grandmother's motion to intervene and for reconsideration. The children were turned over to DHS, which placed them temporarily with the father's parents. They subsequently were placed in a foster home.
¶ 10. Several months later, the guardian filed an interim report which, based on the recommendation of a counselor retained by the guardian, recommended returning temporary custody of the children to their mother and giving the father visitation. The chancery court entered an order granting the recommended relief, and the mother took custody of the children. She then fled the state and has neither returned nor allowed the children to visit their father.
¶ 11. The chancery court struck the mother's affirmative defenses and counter-claim, held a trial on the father's petition for custody modification, and awarded him joint legal and physical custody of the children with DHS. The court also held the mother in contempt of court for her failure to comply with court orders and sentenced her to incarceration. It also held her jointly and severally liable for the sanctions levied against her attorney. See In re Spencer, 985 So.2d 330 (Miss.2008).

DISCUSSION

I. WHETHER THE APPEAL SHOULD BE DISMISSED DUE TO THE FUGITIVE DISMISSAL RULE OR THE UNCLEAN HANDS OF THE MOTHER.
¶ 12. The father raised this issue on motion to dismiss the mother's appeal, and he further discussed it within his brief on appeal. He requests this Court to apply the fugitive dismissal rule and the doctrine of unclean hands and to refrain from considering the merits of the mother's appeal. The fugitive dismissal rule, as applied by this Court, is stated, "where a person is convicted of a felony and perfects an appeal to this Court and escapes from custody pending his appeal such action shall be deemed an abandonment of the appeal and will be subject to a motion by the state to dismiss such appeal. However, such dismissal shall be subject to be reinstated on motion of appellant showing good cause therefor." Derrick v. State, 406 So.2d 48, 48 (Miss.1981). See also Hires v. State, 882 So.2d 225, 228 (Miss.2004); Miller v. State, 311 So.2d 348, 349 (Miss.1975); Stauffacher v. State, 299 So.2d 188 (Miss.1974); Wheeler v. State, 249 So.2d 652 (Miss.1971); Jones v. State, 218 So.2d 705, 706 (Miss.1969). Dismissal *363 of an appeal "by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice." Hires, 882 So.2d at 228 (quoting Ortega-Rodriguez v. United States, 507 U.S. 234, 242, 113 S.Ct. 1199, 1203, 122 L.Ed.2d 581 (1993)). The U.S. Supreme Court has delineated the reasons for the enforcement of the rule:
First, so long as the party cannot be found, the judgment on review may be impossible to enforce. . . . Second, we have said an appellant's escape disentitles him to call upon the resources of the Court for determination of his claims. . . . Disentitlement discourages the felony of escape and encourages voluntary surrenders, and promotes the efficient, dignified operation of the courts.
Degen v. United States, 517 U.S. 820, 824, 116 S.Ct. 1777, 1781, 135 L.Ed.2d 102, 109 (1996) (citations & quotations removed). Where the reasons for invoking the rule are absent, it should not be enforced unless to prevent the government from suffering actual prejudice from the defendant's extended absence. Id. at 825, 116 S.Ct. 1777; Ortega-Rodriguez, 507 U.S. at 249, 113 S.Ct. 1199.
¶ 13. This Court has not previously applied the fugitive dismissal rule in a custody matter. However, we have dismissed an appeal of a child-custody matter on the grounds that the appellant left the state with the subject of the dispute. See Chiarani v. Rutherford, 201 Miss. 257, 29 So.2d 255 (1947). The Court of Appeals has applied the fugitive dismissal rule to a father's appeal of an adverse contempt judgment and sentence imposed in a custody matter. Weaver v. Parks, 947 So.2d 1009 (Miss.Ct.App.2006). It dismissed the father's appeal sua sponte because he absconded with his daughter from an emergency room and never returned her to her mother as ordered by the court. Id. at 1015. It allowed the father thirty days to return his daughter to have his appeal reinstated. Id.
¶ 14. In Pesin v. Rodriguez, 244 F.3d 1250 (11th Cir.2001), the Eleventh Circuit Court of Appeals dismissed the mother's appeal of a judgment requiring her to return her children to her estranged husband in Venezuela because she failed to comply with court orders to attend hearings and fled the court's jurisdiction with the children. That court concluded, "[The mother's] behavior to date leaves little doubt that she would defy an adverse ruling. Moreover, it would be inequitable to allow [the mother] to use the resources of the courts only if the outcome is a benefit to her. We cannot permit [the mother] to reap the benefits of a judicial system the orders of which she has continued to flaunt." Id. at 1253.
¶ 15. In Matsumoto v. Matsumoto, 171 N.J. 110, 792 A.2d 1222 (2002), an appeal in which the subject of a custody dispute was returned by the fleeing parent, the Supreme Court of New Jersey recognized, "Custody is in an entirely different category than other issues for fugitive disentitlement purposes. We have long recognized that the child's best interests are paramount in child custody matters." Id. at 1235. It concluded, "whatever limits the fugitive disentitlement doctrine might impose in other settings would not be applicable in a custody case in which no enforcement issue exists." Id. at 1236.
¶ 16. This Court has long held the best interest of the child to be its polestar consideration in custody matters. Foster v. Alston, 7 Miss. (6 Howard) 406 (1842). See also Albright v. Albright, 437 So.2d 1003, 1004 (Miss.1983). The best interest of the children is the paramount issue before the Court. Accordingly, we find it would not serve the best interest of the children if we were to allow the mother, who has demonstrated a recurring disregard *364 for the orders of the Chancery Court of Clarke County, to proceed with her appeal. Considering the factors identified in Degen, we find the fugitive dismissal rule to be applicable to these facts. Degen, 517 U.S. at 824-28, 116 S.Ct. 1777. We have authority to dismiss this appeal and have dismissed a custody matter for similar conduct in the past. See Chiarani, 29 So.2d at 255. We find dismissal to be in the best interest of the children.

CONCLUSION
¶ 17. After reviewing the briefs, papers, and transcript, we find the father's motion to dismiss the mother's appeal to be well-taken. The mother's appeal is hereby dismissed.
¶ 18. APPEAL DISMISSED.
SMITH, C.J., CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, P.J., AND RANDOLPH, J., NOT PARTICIPATING.
NOTES
[1] A related matter is In re Spencer, 985 So.2d 330 (Miss.2008).
[2] The names of the parties and subjects of this matter will not be used. M.R.A.P. 48A.
[3] The relief requested in this petition is specifically stated, "Grant the Petitioner full primary physical custody of said minor children, as well as full legal custody, as this is in the best interest of the children."