CARLTON, J.,
for the Court:
¶ 1. Kelvin Buck Perry appeals the judgment of the Carroll County Circuit Court, wherein a jury found him guilty of possession of less than one kilogram but more than thirty grams of marijuana with the intent to sell or transfer. Perry absconded during a break in the trial and failed to return. At the conclusion of the trial, the trial court sentenced Perry as a subsequent drug offender and as a habitual offender to sixty years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation. Unaware of his client’s whereabouts, Perry’s counsel perfected his appeal, asserting error as follows: (1) the trial court erred in overruling Perry’s motions for a directed verdict and a judgment notwithstanding the verdict (JNOV), and (2) the weight of the evidence fails to support the verdict.
¶ 2. The State responded to the assignments of error raised by Perry’s counsel, and the State asserted a motion to dismiss the appeal citing the fugitive disentitlement or fugitive dismissal rule. See Hires v. State, 882 So.2d 225, 227-28 (¶ 6) (Miss. 2004). We passed the State’s motion for consideration on the merits. Upon review, this Court finds the fugitive dismissal rule applicable to this case, and we dismiss Perry’s appeal.
FACTS
¶ 3. Around 10:00 p.m. on April 16, 2010, Deputy Rob Banks, with the Carroll County Sheriffs Department, while on patrol, observed a vehicle driving backwards, or backing out, of a driveway and saw the vehicle continue traveling backwards and weaving in the roadway. Deputy Banks stopped the vehicle and approached the driver’s side. Deputy Banks testified that he smelled marijuana, and that he observed what he suspected to be marijuana residue on the driver’s lap. When he discovered the driver of the vehicle did not have a driver’s license, Deputy Banks placed him under arrest. Deputy Banks identified Perry in court as the driver of the vehicle. A passenger, later identified as Allen Davis, was also in the vehicle.
¶4. In patting down Perry upon his arrest, Deputy Banks testified that he felt an unidentifiable bulge in Perry’s waistband. Deputy Banks lifted Perry’s shirt and observed, and then retrieved, a ziplock plastic bag with a green leafy substance inside. Deputy Banks placed Perry in his patrol vehicle. About that time, a back-up deputy arrived at the scene and secured Davis, the passenger.
¶ 5. After placing Perry in his patrol car, Deputy Banks searched Perry’s vehicle and found what appeared to be loose marijuana wrapped in a newspaper under the front passenger’s seat. According to Deputy Banks, Perry admitted that “all the marijuana was his.”
¶ 6. Davis testified for the prosecution. Davis testified that Perry had “done some deals” earlier in the evening before Deputy Banks stopped their vehicle, specifically two marijuana transactions. At trial, Davis claimed ownership of the marijuana found under Perry’s seat. In contradiction to Davis’s trial testimony, Deputy Banks testified that Davis had acknowledged to him that Perry had planned to give Davis the marijuana found in Perry’s vehicle in payment for an alleged debt. Laura Graham, a forensic scientist with the Mississippi Crime Laboratory, testified that the marijuana found in the plastic bag weighed *629 127.11 grams, and the loose marijuana weighed 82.38 grams.
¶ 7. On October 19, 2010, a grand jury before the Carroll County Circuit Court indicted Perry for possession of over 209 grams of marijuana with intent to distribute in violation of Mississippi Code Annotated section 41-29-139 (Supp.2012). Shortly thereafter, on November 18, 2010, the circuit court entered an “Order Amending Indictment,” which charged Perry as a second and subsequent offender under Mississippi Code Annotated section 41-29-147 (Supp.2012) and as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). Prior to the trial, Perry’s counsel argued a motion to suppress the evidence seized from the search of Perry’s person and his vehicle, which the trial court denied.
¶ 8. The jury found Perry guilty of possession of less than one kilogram but more than thirty grams of marijuana with the intent to sell or transfer.[1] While the trial was recessed for a lunch break, Perry voluntarily absented himself, and the record reflects that as of the date of the filing of the appellate brief in this case by Perry’s counsel, Perry remained absent. In a separate sentencing hearing, the trial court sentenced Perry in his absence as a subsequent drug offender and habitual offender to sixty years in the custody of the MDOC without eligibility for parole or probation.
¶ 9. After a denial of post-trial motions, Perry appealed with his counsel asserting the appeal on his behalf in his continued absence. Perry’s appellate counsel asserts that at the time of the filing of the appellate brief on Perry’s behalf, Perry remained at large but not on bail.
DISCUSSION
¶ 10. “It is well settled that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal.” Hires, 882 So.2d at 227-28 (¶ 6) (citing Ortega-Rodríguez v. United States, 507 U.S. 234, 239, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); see also Derrick v. State, 406 So.2d 48 (Miss.1981)). This principle is often referred to as the “fugitive dismissal” or “fugitive disentitlement” rule. Hires, 882 So.2d at 228 (¶ 6). See also Weaver v. Parks, 947 So.2d 1009, 1013-15 (¶¶ 9-14) (Miss.Ct.App.2006) (ruling by chancery court that the fugitive dismissal rule precluded consideration of father’s appeal).[2] According to the Mississippi Supreme Court, “[t]he rationale behind the rule is that ‘dismissal by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice.’ ” Id. (quoting Ortega-Rodriguez, 507 U.S. at 242, 113 S.Ct. 1199).
¶ 11. We find the rationale behind the application of the fugitive dismissal rule applicable and controlling to the facts of this case. Perry escaped during his trial and remained at large at the time of his counsel’s filing of an appellate brief on his behalf. In response to Perry’s appeal, the State filed a motion to dismiss and responded upon brief to the merits of Perry’s asserted appeal. We passed the State’s motion to dismiss the appeal to the merits, and upon review, we find the State’s motion to dismiss to be well taken in light of the fugitive dismissal rule and *630 precedent. Accordingly, applying the fugitive dismissal rule, we dismiss Perry’s appeal.
¶ 12. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. The marijuana in the ziplock bag allegedly from Perry’s pants weighed 127.11 grams. The marijuana under Davis's seat weighed 82.38 grams.

. The Weaver court noted that ”[t]he fugitive dismissal rule ... operates to limit a litigant’s ‘access to the judicial system whose authority he evades.’ " Id. at 1013 (¶ 9).